[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2008
THOMAS K. KAHN
CLERK

No. 07-15470
_____

D. C. Docket No. 07-80249-CV-DMM

KENNETH MILLER,
as Personal Representative of the Estate of
JERROD T. MILLER, on behalf of said ESTATE
and the survivors of JERROD T. MILLER,
a.k.a. JERRODE T. MILLER, to wit
KENNETH MILLER, a surviving legal father,
and TERRY GLOVER, surviving biological father,

Plaintiff,

TERRY GLOVER,

Plaintiff-Appellant,

versus

DARREN COGONI, individually,
CITY OF DELRAY BEACH,
a Florida Municipality, et al.,

Defendants, Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 12, 2008)**

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

Appellant Terry Glover appeals the district court's order dismissing his case for lack of standing. The issue in this case is whether a decedent's biological father is entitled to recover wrongful death benefits under Florida's Wrongful Death Act when another man was previously determined to be the decedent's legal father and was appointed as his personal representative. After carefully considering the briefs, reviewing the record on appeal, and having the benefit of oral argument, we answer this question in the negative and affirm the dismissal.

## I. BACKGROUND

In February 2007, Kenneth Miller, as legal father and personal representative of the estate of Jerrod Miller, filed a wrongful death action in Florida state court against the City of Delray Beach (City), numerous City representatives in their official capacities, and Darren Cogoni, individually, under 42 U.S.C. § 1983 and the Florida Wrongful Death Act, § 768.16–.26. The complaint alleged that in February 2005, Delray Beach police officers negligently shot sixteen-year-old Jerrod to death following a foot chase. The complaint sought damages for negligence and wrongful death arising from the incident. The City removed the action from state court to the United States District Court for the

Southern District of Florida on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1441(a).  Miller and the defendants negotiated a settlement agreement for $1,000,000, and sought approval of the settlement in the district court.

In October 2007, Glover, Jerrod's biological father, filed an objection to the settlement agreement, arguing he was a rightful beneficiary under the Florida Wrongful Death Act.  On November 9, 2007, the district court found the Wrongful Death Act did not apply to Miller's case, and, therefore, it did not need to approve the settlement.  Moreover, the district court noted Glover was not a "survivor" under the Act who had standing to object to the settlement.  It reasoned a Florida state court, in its personal representative determination, already had found Miller to be Jerrod's legal father.  *See Glover v. Miller*, 947 So. 2d 1254 (Fla. 4th DCA 2007).  On November 19, 2007, the district court entered an order affirming the parties' stipulation of dismissal and closing the case.

## II.  DISCUSSION

On appeal, Glover argues the district court erred in determining he had no right to the proceeds of the wrongful death claim and dismissing Glover's claims *sua sponte*.  We have jurisdiction over this appeal.  We review the dismissal of

3

this action *de novo*.  *See Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1345 (11th Cir. 2001).

Florida's Wrongful Death Act provides that actions are brought by the decedent's personal representative "for the benefit of the decedent's survivors[.]" FLA. STAT. § 768.20 (2007).  The term "survivors" includes the decedent's parents.  FLA. STAT. § 768.18.  Glover argues, as Jerrod's biological father, he is Jerrod's "parent" and is thus entitled to object to the settlement.  We disagree.

Under Florida law, collateral estoppel precludes relitigation of an issue when "(1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction."  *Wingard v. Emerald Venture Fla. LLC*, 438 F.3d 1288, 1293 (11th Cir. 2006) (quotations and citations omitted).  The litigation issue also must have been critical and necessary to the prior determination.  *Id.*

In this case, collateral estoppel precluded the district court from relitigating the issue of Jerrod's paternity.  After Jerrod's death, both Miller and Glover previously contended he was Jerrod's father for purposes of determining who would be appointed Jerrod's personal representative.  *See Glover*, 947 So. 2d at 1255.  Florida's Fourth District Court of Appeal held Miller was entitled to

preference as the personal representative because, *inter alia*, a 1995 paternity action had determined that Miller was Jerrod's legal father. *Id.* at 1258.

Even assuming, *arguendo*, collateral estoppel does not apply, logic results in the conclusion Glover was not Jerrod's legal father. Miller *was* adjudicated to be his father in the 1995 paternity action, and, as the Florida court pointed out, Florida law does not allow a child to "have two legally recognized fathers." *Id.* (citing *Achumba v. Neustein*, 793 So. 2d 1013, 1015 (Fla. 5th DCA 2001)).

For the foregoing reasons, we conclude that the district court properly found Glover was not entitled to object to the settlement and dismissed Glover's claims.

### III. CONCLUSION

For the reasons stated above, we affirm the district court's judgment of dismissal of Glover's claims and this action.

**AFFIRMED.**